# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Trustees of Ohio Bricklayers
Health and Welfare Fund, et. al.,
    Plaintiffs

vs

                                Case No. 1:09-cv-482-SJD-TSH
                                (Dlott, C. J.; Hogan, M. J.)

Workman Masonry, L.L.C.,
    Defendant

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiffs' motion for default judgment and assessment of damages and attorney's fees. (Doc. 13). The motion is unopposed.

Plaintiffs initiated this action on July 10, 2009, alleging claims against defendant under the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1132, et. seq. A summons and copy of the complaint was issued to defendant on July 16, 2009, but returned unexecuted on September 2, 2009. (Docs. 4, 6). On October 5, 2009, an alias summons was issued and the Clerk of Courts sent the alias summons and copy of the complaint to defendant on that same date. (Docs. 9, 10). The alias summons was returned executed on October 19, 2009. (Doc. 11). On November 6, 2009, plaintiffs applied to the Clerk of Courts. for an entry of default

pursuant to fed. R. Civ. P. 55(a). (Doc. 12). On October 16, 2009, the Clerk issued an Entry of Default against defendant. (Doc 14).

Plaintiffs moves the Court for default judgment against defendant for failure to move, answer or otherwise plead in response to the complaint. Plaintiffs seek an Order awarding judgment in the amount of $24,770.12 in unpaid fringe benefit contributions and deductions, plus liquidated damages for the months of March, May, June August, September, and October 2008, and February 2009. Plaintiffs also seek an order requiring defendant to submit its January 2009 records for an audit to determine the amount of damages owed and for additional interest and liquidated damages due based on the audit of defendant's January 2009 financial records. In addition, plaintiffs seek attorneys fees and costs associated with the audit and the prosecution of this motion.

The procedure governing the entry of default judgment is set forth in Fed. R. Civ. P. 55(b), which provides in pertinent part:

> Judgment by default may be entered as follows: (1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and if he is not an infant or incompetent person. (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in

the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

While default judgments may generally be disfavored when compared with the Court's interest in resolving a case on the merits, "[d]efault procedures, of course, provide a useful remedy when a litigant is confronted by an obstructionist adversary." *Enron Oil*, 10 F.3d at 96. *See also D'Orange v. Feely*, 101 F.3d 1393 (unpubl.), 1996 WL 446254, at *2-4 (2d Cir. Aug. 8, 1996)(district court's entry of default judgment after hearing on amount of damages upheld where Defendant attorney failed to timely answer, failed to cooperate in discovery and failed to attend hearing on motion for default judgment); *Comdyne I, Inc. v Corbin*, 908 F.2d 1142, 1146-47(3d Cir. 1990)(district court's entry of default judgment upheld on appeal where Defendant failed to answer amended complaint, repeatedly failed to comply with court's discovery orders and orders imposing sanctions, and failed to participate in hearing on appropriate amount of damages after default judgment was granted as to liability).

In this case, the Court finds that default judgment is warranted. Defendant has failed to move, answer, or otherwise plead in response to plaintiff's complaint. Nor has defendant responded to plaintiffs' motion for entry of default or plaintiff's motion

for default judgment. Accordingly, the Court recommends that plaintiff's motion be granted in part and default judgment be entered against defendant. However, because the judgment is based in part on an audit of defendant's financial records for January 2009, the amount of the judgment is yet to be determined. therefore, the Court should conduct a hearing on the amount of damages and/or require defendant to submit its financial records for an audit. Furthermore, plaintiff's motion for attorneys fees should be denied at this time. The motion seeks fees based on an estimate of hours yet-to-be expended in the litigation of this matter. Plaintiff should timely file an application for attorney fees and costs after final judgment has been entered in this matter.

For these reasons, IT IS HEREBY RECOMMENDED that plaintiffs' motion for default judgment (Doc. 13) be GRANTED IN PART and the Court conduct a hearing to determine the full amount due and owing on plaintiffs' claims, including the contributions owed for January 2009, and any interest and or liquidated damages associated therewith.

The Clerk of Courts is directed to send a copy of this Report and Recommendation to defendant by certified mail, return receipt requested.

Timothy S. Hogan
United States Magistrate Judge

Trustees of Ohio Bricklayers
Health and Welfare Fund, et. al.,
    Plaintiffs

vs

                              Case No. 1:09-cv-482-SJD-TSH
                              (Dlott, C. J.; Hogan, M. J.)

Workman Masonry, L.L.C.,
    Defendant

# NOTICE

Attached hereto is the Report and Recommended decision of the Honorable Timothy S. Hogan, United States Magistrate Judge, which was filed on 12-17-09 . Any party may object to the Magistrate's findings, recommendations, and report within (14) days after being served with a copy thereof or further appeal is waived. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Such parties shall file with the Clerk of Court, and serve on all Parties, the Judge, and the Magistrate, a written Motion to Review which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made along with a memorandum of law setting forth the basis for such objection, (such parties shall file with the Clerk a transcript of the specific portions of any evidentiary proceedings to which an objection is made).

In the event a party files a Motion to Review the Magistrate's Findings, Recommendations and Report, all other parties shall respond to said Motion to Review within fourteen (14) days after being served a copy thereof.

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X     ☑ Agent   ☐ Addressee <br><br> B. Received by ( *Printed Name* )    C. Date of Delivery |
| 1. Article Addressed to: <br><br> Workman Masonry LLC <br> 221 Pike St. <br> Shinnston, WV 26431 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No <br><br><br> 3. Service Type <br> ☑ Certified Mail   ☐ Express Mail <br> ☐ Registered     ☐ Return Receipt for Merchandise <br> ☐ Insured Mail   ☐ C.O.D. <br><br> 4. Restricted Delivery? *(Extra Fee)*    ☐ Yes |
| 2. Article Number <br> *(Transfer from service label)*     7002 3150 0000 8388 4506 | |

PS Form 3811, August 2001     Domestic Return Receipt     102595-02-M-1540

1: 09cv482   Doc. 15